NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**ZAWADI Z. ALLEN, SR.,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2015-7003

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-395, Judge Alan G. Lance Sr.

———————————

Decided:  June 20, 2016

———————————

CONRAD R. LEIKAUF, I, Leikauf & Mulcahey Law, Branchburg, NJ, for claimant-appellant.

BARBARA E. THOMAS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; JONATHAN ELLIOTT TAYLOR, DAVID J. BARRANS, RACHAEL BRANT, BRIAN D. GRIFFIN, TRACEY

PARKER WARREN, Office of General Counsel, United
States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, *Chief Judge,* TARANTO and CHEN, *Circuit
Judges.*

PROST, *Chief Judge.*

Zawadi Z. Allen, Sr. appeals from a final judgment of
the United States Court of Appeals for Veterans Claims
("Veterans Court") denying service connection for chronic
sinusitis. We affirm.

## BACKGROUND

Mr. Allen served in the United States Army from No-
vember 1989 until November 1993. His service included
active combat in the Persian Gulf War between January
and April 1991. He received the Army Commendation
Medal for "exceptionally meritorious service."

While on duty, Mr. Allen was exposed to smoke from
burning oil fields and several nerve agents. In particular,
on March 10, 1991, Mr. Allen's unit was serving in an
area near Khamisiyah, Iraq, where several rockets were
destroyed. The Department of Defense reported in a July
1997 letter that, when these rockets were destroyed, "the
nerve agents sarin and cyclosarin may have been released
into the air" and "exposure to a very low level of nerve
agents was possible." Supplemental App. 169.

Mr. Allen's October 1989 enlistment exam reported
that he was in "excellent" health and had no history of
sinusitis, allergies, asthma, or respiratory problems. He
was seen several times throughout his service for respira-
tory ailments, but was never diagnosed with sinusitis. In
December 1989, Mr. Allen was treated for a sore throat,
nasal drainage, chest congestion, and a cold. In May
1991, Mr. Allen was examined and reported that he had
sinusitis, eye trouble, chronic or frequent colds, swollen or

painful joints, and dizziness or fainting spells, but the examining officer concluded that his sinuses, mouth and throat, nose, and head were normal. Between March and July 1992, Mr. Allen was seen several times for chest pain, coughing, and shortness of breath. Between September 1992 and March 1993, Mr. Allen was treated several times for severe fatigue, a sore throat, and congestion. Nevertheless, at the end of his service, in October 1993, Mr. Allen stated on a medical form that he was in "excellent" health. He reported that he suffered from swollen and painful joints and chronic or frequent colds, but indicated that he did not have sinusitis.

Between 1993 and 2005, Mr. Allen was treated sporadically for various ailments, including joint pain, abnormal sensation in his ear, an upper respiratory infection, breathlessness, and fatigue. He was never seen for or diagnosed with sinusitis.

In May 2005, Mr. Allen filed a claim seeking service-connected benefits for sinusitis. In July 2005, the U.S. Department of Veterans Affairs ("VA") regional office ("RO") sent Mr. Allen a letter providing information on the benefits process and describing additional evidence he would need to provide to support of his claim. In August 2005, Mr. Allen submitted a letter from his mother, Nettie Grier, which stated that when Mr. Allen was discharged he "complained about his sinuses bring congested" and that he still had certain sinus problems. On September 14, 2005, the RO denied Mr. Allen's claim on the basis that there was no record of treatment for sinusitis.

Mr. Allen filed a Notice of Disagreement on September 28, 2005. On October 18, 2005, Mr. Allen obtained a private medical examination, which concluded he had chronic sinusitis. Mr. Allen submitted this report to the RO. Nevertheless, the RO again denied Mr. Allen's claim.

Mr. Allen appealed to the Board of Veterans Appeals ("Board") on November 8, 2006. As additional support for

his claim, Mr. Allen submitted a letter from a pathologist and family member, Dr. Monnette Baker, stating that she had reviewed literature relating to Gulf War veterans and that "it is [her] opinion that the onset of many illnesses, including chronic sinusitis, may be a consequence of serving in the Gulf War." Supplemental App. 125. Mr. Allen also testified before the Board that his sinus problems began while he was serving in the Gulf War and he has continuously had problems since.

The Board issued a decision on December 14, 2009 finding that Mr. Allen had shown that he had a current disability of chronic sinusitis and an in-service injury that he had been exposed to nerve agents, but remanding because a medical exam was needed to determine if Mr. Allen's sinusitis was connected to his in-service injury. A VA physician conducted an examination on February 17, 2010, but concluded that "[g]iven the silent medical record during the military and in the 12 years following, I would be resorting to mere speculation to link [Mr. Allen's] current complaints of chronic sinusitis with his military exposure during service." Id. at 108. Mr. Allen's case was returned to the Board, which remanded again on August 16, 2011, instructing the physician to either provide a "more definitive comment on the etiology of [Mr. Allen's] chronic sinusitis" or specifically explain why it was not possible to render such an opinion. Id. at 86–89. The VA physician reviewed literature from the VA's website and Mr. Allen's medical records and concluded that "[b]ased on the literature and the treatment records, I am still resorting to speculation to say that his exposure to various toxic agents in the Persian Gulf caused [Mr. Allen's] chronic sinusitis." Id. at 80.

On December 17, 2012, the Board issued a decision denying Mr. Allen's claim for service connection for sinusitis. It found that, although Mr. Allen had shown that he had an in-service injury ("environmental exposure") and a present disability (sinusitis), he failed to establish a nexus

between the two, as neither the VA physician nor Dr. Baker could do more than speculate as to nexus or state that nexus was "possible." It also found that Mr. Allen could not alternatively establish nexus by showing continuity of symptomatology under 38 C.F.R. § 3.303(b) because he had not shown that he had sinusitis during service. It found that both he and his mother were competent to testify as to his symptoms, but this testimony was not credible because it conflicted with Mr. Allen's contemporaneous service records. It also found that the VA had fulfilled its duty to assist.

The Veterans Court affirmed. It concluded that the Board provided an adequate statement of reasons and bases to support its decision, did not err in finding that the benefit of the doubt rule was inapplicable, correctly found that the VA satisfied its duty to assist, and disagreed with the remainder of Mr. Allen's challenges.

Mr. Allen timely appealed to this court. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). Unless a constitutional issue is presented, we have no jurisdiction to review questions of fact or the application of a law or regulation to a particular set of facts. *Id.* § 7292(d)(2).

## I

To establish service connection for a present disability, a veteran must show that: (1) he suffers from a present disease or disability; (2) there was an in-service incurrence or aggravation of a disease or injury; and (3) there is a causal link or nexus between the present disa-

bility and the disease or injury that was incurred or aggravated during service ("the *Shedden* factors"). *Shedden v. Principi*, 381 F.3d 1163, 1167 (Fed. Cir. 2004). The Board found that Mr. Allen had satisfied the first two requirements; thus, the issues on appeal focus on whether there is a nexus between Mr. Allen's present disability (sinusitis) and in-service injury (environmental exposure).

Mr. Allen argues that the Veterans Court and the Board erred in finding there was no nexus because the Board failed to liberally construe his "filings" and failed apply the "benefit of the doubt rule" according to 38 U.S.C. § 5107(b). He also argues that it failed to consider his combat status in weighing his lay evidence, as required by 38 U.S.C. § 1154. Had the Board appropriately followed these principles, Mr. Allen argues, it would have found that a generous reading of Dr. Baker's medical opinion combined with his and his mother's lay statements established the requisite nexus.

As an initial matter, to the extent Mr. Allen challenges the Veterans Court's application of these principles to the facts of this case, we lack jurisdiction. We do, however, have jurisdiction to review whether the Veterans Court applied the wrong law. We address each of Mr. Allen's arguments in turn.

First, Mr. Allen contends that the Veterans Court and the Board failed to "give a sympathetic reading to the veteran's filings by determining all potential claims raised by the evidence, applying all relevant laws and regulations." *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004) (internal quotation marks omitted). Mr. Allen is correct that the VA has a duty to fully and sympathetically develop a veteran's claim, *id*.; however, this does not negate the fact that, once Mr. Allen's claim had been developed, he still bore the burden of proving his claim. 38 U.S.C. § 5107(a) ("a claimant has the responsibility to present and support a claim for benefits"). Mr. Allen does

not appear to contend that his claim should have been developed more broadly; instead, his challenge only concerns the Board's evaluation of whether he presented evidence sufficient to establish nexus. In this context, the Board applied the correct legal framework by evaluating whether Mr. Allen, as the claimant, met his burden of proof.

Mr. Allen also argues that the Veterans Court and the Board failed to apply the benefit of the doubt rule. Section 5107(b) instructs that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." 38 U.S.C. § 5107(b). Here, however, the Board did not find that there was such an "approximate balance." To the extent Mr. Allen challenges this finding, it is a factual determination beyond our review. Given this, we accept the Board's finding and conclude, on that basis, that the Board did not err in declining to apply the benefit of the doubt rule.

Next, Mr. Allen argues that that Veterans Court and the Board erred because they failed to consider his combat status in assessing his and his mother's lay statements. Section 1154(b) provides that, in the case of a combat veteran, "the Secretary shall accept as sufficient proof . . . satisfactory lay or other evidence . . . if consistent with the circumstances, conditions, or hardships of such service." 38 U.S.C. § 1154(b). However, we held in *Davidson v. Shinseki* that § 1154(b) only applies to the second *Shedden* factor: whether there was an in-service injury. 581 F.3d 1313, 1315–16 (Fed. Cir. 2009) (stating that "§ 1154(b) concerns only whether a disease was incurred or aggravated in service-not whether the disease was the principal or a contributory cause of death"). Here, Mr. Allen only challenges the Board's assessment of the third *Shedden* factor: nexus. Thus, Mr. Allen's combat status

has no relevance to the Board's consideration of his and his mother's lay evidence.

In addition to correctly disregarding § 1154(b), the Board correctly assessed Mr. Allen's lay evidence. In evaluating lay evidence, the Board "cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence." *Buchanan v. Nicholson*, 451 F.3d 1331, 1337 (Fed. Cir. 2006). Instead, "as fact finder, [the Board] is obligated to, and fully justified in, determining whether lay evidence is credible in and of itself, i.e., because of possible bias, conflicting statements, etc." *Id.* This is precisely what the Board did here: it did not dismiss Mr. Allen's or his mother's statements out of hand, but considered them along with his contemporaneous service records, which reported that he did not have sinusitis. It then, as it should have, made credibility determinations about this lay evidence. We discern no legal error in this process.

The remainder of Mr. Allen's arguments on the nexus issue concern the Board's conclusion regarding nexus itself. For example, Mr. Allen's arguments that the Board did not adequately credit Dr. Baker's letter, the testimony from his mother, or medical records of other respiratory conditions are merely disagreements with how the Board weighed the evidence before it. We lack jurisdiction to review these determinations.

## II

If a veteran cannot establish nexus, he may, in some cases, prove his claim for service connection by showing a "continuity of symptomology" under 38 C.F.R. § 3.303(b). However, this alternative route is not available to Mr. Allen. We held in *Walker v. Shinseki* that 38 C.F.R. § 3.303(b) only applies to chronic conditions listed in 38 C.F.R. § 3.309(a). 708 F.3d 1331, 1335–38 (Fed. Cir. 2013). "Sinusitis" is not one of these conditions. 38 C.F.R. § 3.309(a). Thus, under current law, Mr. Allen

cannot establish service connection through continuity of symptomology.

Mr. Allen nevertheless argues that the Veterans Court and the Board erred in denying service connection because his lay evidence established continuity of symptomology. The Board's decision, which issued prior to our decision in *Walker*, considered continuity of symptomology and found that, because Mr. Allen's lay evidence contradicted contemporaneous medical records, it was insufficient to establish continuity of symptomology. *See* Supplemental App. 68–72. Even if we were to evaluate the Board's decision on this point, we would discern no reversible error. As discussed above, the Board applied correct legal standards in its assessment of Mr. Allen's lay evidence and determined that it was not credible. Thus, even if a continuity of symptomology analysis were not foreclosed by *Walker*, Mr. Allen's arguments on this point would fail.

## III

Mr. Allen's remaining arguments, including his argument that the VA did not fulfill its duty to assist under 38 U.S.C. § 5103A(a)(1) and his argument that the Board did not adequately explain the reasons and bases for its decision in accordance with 38 U.S.C. § 7104(d)(1), concern application of fact to law. We do not have jurisdiction to review these issues.

We also disagree that Mr. Allen was denied due process. The VA, in adjudicating his claim, afforded him repeated opportunities to present evidence and to challenge the VA physician's opinions. It also notified Mr. Allen regarding the elements of his claim and the types of evidence he would need to present to meet his burden of proof. Whatever due process requires, it requires no more than this.

We have carefully considered the remainder of Mr. Allen's arguments and have determined that they lack merit. For the foregoing reasons, we affirm the Veterans Court's decision and deny Mr. Allen's request for service connection for sinusitis.

**AFFIRMED**

COSTS

Each party shall bear their own costs.